JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>REAL PROPERTY LOCATED IN NEW YORK, NEW YORK,<br><br>      Defendant. | No. CV 16-5371-DSF (PLAx)<br><br>**CONSENT JUDGMENT OF FORFEITURE**<br><br>**[This Consent Judgment is case-dispositive]** |

**I.  INTRODUCTION**

1.  Plaintiff United States of America ("United States" or "the government") and Park Laurel Acquisition LLC (the "Claimant") (collectively, the "Parties"), have made a stipulated request for the entry of this Consent Judgment (the "Stipulation"), which is dispositive of this action.

2.  Similar (and related) stipulations were filed by the government and the Claimant or related entities in the following actions (collectively the "Other Actions"):

1. United States v. Real Property Located in New York, New York, No 16-cv-05371-DSF-PLA (C.D. Cal.). The claimant in this action is Park Laurel Acquisition LLC;
2. United States v. Real Property Located in Beverly Hills, California, No 16-cv-05377-DSF-PLA (C.D. Cal.). The claimant in this action is 912 North Hillcrest Road (BH), LLC;
3. United States v. Real Property in London, United Kingdom, owned by Qentas Holdings, No 16-cv-05380-DSF-PLA (C.D. Cal.). The claimant in this action is Qentas Holdings Limited.
4. United States of America v. One Metropolis Poster, No 17-cv-04440-DSF-PLA (C.D. Cal.). The claimants in this action are Riza Shahriz Bin Abdul Aziz and Red Granite Pictures, Inc.
5. United States of America v. Up To $28,174,145.52 In Huntington National Bank Escrow Account Number '7196; et al., No. 19-cv-1327-DSF-PLA.  The claimant in this action is Red Granite Investment Holdings, LLC.

3.  Nothing in the Stipulation or this Consent Judgment is intended to be or constitutes an admission of fault, wrongdoing, liability, or guilt on the part of the Claimant or its beneficial owner, Riza Shahriz Bin Abdul Aziz, nor can this Consent Judgment or the Parties' underlying Stipulation be admissible against Mr. Aziz, the Claimant, or any of the claimants in the Other Actions in any proceeding as evidence of any of the allegations set out in the operative complaints in this case or the Other Actions.  The U.S. Attorney's Office for the Central District of California and the United States Department of Justice, Criminal Division, shall be bound by the terms of this Consent Judgment and the doctrines of res judicata and collateral estoppel.  The entry of this Consent Judgment

shall resolve all of the government's civil, criminal, and administrative asset forfeiture actions or proceedings relating to the defendant Real Property Located in New York, New York (the "Defendant Asset") in this and the Other Actions.  Nothing in the Stipulation or this Consent Judgment constitutes a waiver or release by the government of criminal claims, except for the asset forfeiture claims related to the Defendant Asset.

4.   This action was commenced on July 20, 2016 against the Defendant Asset.

5.   On August 21, 2019, this Court entered an Order authorizing an interlocutory sale of the Defendant Asset. (DN 97.)

**II.   FINDINGS**

The Court, having considered the Stipulation of the Parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

**Jurisdiction**

6.   For purposes of this Consent Judgment, this Court has jurisdiction over the Parties and this action.  The government gave notice of the action as required by Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and the Local Rules of this Court.  Claimant filed a timely claim for the Defendant Asset.  No other claims were filed, and the time for filing claims has expired.  Entry of this Consent Judgment will resolve all claims of Claimant with respect to the Defendant Asset and is dispositive of this action.  If assumed to be true, the allegations set out in the operative complaint are sufficient to establish a basis for forfeiture of the Defendant Asset.  However, nothing contained in the Stipulation or this Consent Judgment is intended or should be interpreted as an admission of fault, guilt, liability

and/or any form of wrongdoing by Claimant.  Notwithstanding any other provision of the Stipulation or this Consent Judgment, the forfeiture of the Defendant Asset does not constitute a fine, penalty, or punitive damages.  All potential claimants to the Defendant Asset, other than Claimant, are deemed to have admitted the allegations of the Complaint for purposes of this action only.

**Terms**

6.   Upon entry of this Consent Judgment, all right, title and interest of Claimant in the Defendant Asset shall be forfeited to the United States, and no other right, title, or interest shall exist therein, unless otherwise provided in this Consent Judgment, <u>provided</u>, <u>however</u>, that (unless the parties agree otherwise in writing) Claimant and the claimants in the Other Actions had the right to withdraw from the Stipulation within 30 days of its filing with the Court, by written notice filed on the docket in this and the Other Cases.  In the event that this Consent Judgment is entered prior to the expiration of that 30-day period, this Consent Judgment shall not take effect until the date 30 calendar days from the filing of the Stipulation.  In the event that Claimant exercises its right to withdraw from the Stipulation, it shall be permitted to assert its claims to the Defendant Asset and the defendant assets in the Other Actions as if this Consent Judgment had never been entered, and as if the Stipulation had never been entered in to.

7.   The government shall dispose of the Defendant Asset according to law.  The Defendant Asset has not been sold to date. As such, the August 21, 2019 order authorizing an interlocutory sale (DN 97) is vacated and the Defendant Asset shall be forfeited pursuant to

this Consent Judgment.  The proceeds of any sale of the Defendant Asset shall be distributed as follows:

    a. First, payment of all outstanding real property taxes, common charges, and property management fees;

    b. Second, payment of all costs of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the Defendant Asset, and any reasonable credits against the sale price requested by the buyer(s) and agreed to by the Parties;

    c. Third, payment to any secured lienholders, whose security interests were recorded prior to the filing of the government's forfeiture complaint on the Defendant Asset.

    d. Fourth, to the extent funds remain (the "net proceeds"), such net proceeds shall be forfeited to the United States of America subject to the terms of this Consent Judgment.

8. It is the present intention of the Parties that the Defendant Asset and the defendant assets in the Other Actions (or the net proceeds of their disposition) shall, if appropriate and authorized by law, be used for the benefit of the people of Malaysia after deduction of the government's associated costs, consistent with the government's prior practice in related cases.

**Released Funds**

9. The government shall release the total sum of USD $215,000.00, without interest (the "Released Funds"), as described below.

10. The Released Funds shall be paid to one or more account(s) as directed by Boies Schiller Flexner, LLP ("Boies Schiller"), who shall provide all information required to facilitate the payment,

including personal identification information required by federal law or regulation, and complete all required documents.  The payment of the Released Funds shall be made to Boies Schiller no later than 60 days from the entry of this Consent Order.  The Released Funds shall be drawn from a portion of the funds held in the United States Marshals Service's Seized Asset Deposit Fund ("SADF"), arrested and held by the United States in connection with the defendant asset in *United States of America v. Up To $28,174,145.52 In Huntington National Bank Escrow Account Number '7196; et al.*, No. 19-cv-1327-DSF-PLA.

11.  The government shall not now nor in the future institute any action against Boies Schiller, or seek the seizure, freezing, return, forfeiture, or restraint of any kind of any of the Released Funds, nor any interest earned on the Released Funds, for any acts or omissions relating to the Released Funds preceding the date of its receipt of the Released Funds.

**Other Terms**

12.  Claimant shall not contest or assist any other individual or entity in contesting the forfeiture -- administrative, civil judicial or criminal judicial -- of the Defendant Asset.

13.  The government may request production of documents and/or information relating to the Defendant Asset for purposes of management and liquidation, and the Claimant shall make good faith efforts to produce any such documents and/or information in its possession, or otherwise request that third parties in possession of such documents and/or information make them readily available for the government's receipt.

14. Should any dispute arise about the interpretation of or compliance with the terms of the Stipulation or this Consent Judgment, the Parties shall attempt in good faith to resolve any such disputes. However, should the Parties be unable to resolve a dispute, either Party may move the Court to resolve the dispute and to impose any remedy this Court deems necessary to enforce the terms of this Consent Judgment.

15. Each of the Parties shall bear its own fees and costs in connection with the seizure, retention, and forfeiture of the Defendant Asset.

16. Nothing in the Stipulation or this Consent Judgment is intended to or does abrogate or alter the terms of the March 2018 consent judgment entered in case numbers 16-cv-5352-DSF-PLA (C.D. Cal.) and 17-cv-4439-DSF-PLA (C.D. Cal.). For the avoidance of doubt, and without limitation, the provisions of that consent judgment under the headings "Release of Property," "Surrender of

///

///

Rights," "No Admission of Liability/No Tax Refund," "Release of Civil Claims," "Hold Harmless," "Third Parties Permitted to do Business" and "Payments by Third Parties" shall remain in full force and effect.

IT IS SO ORDERED.

DATED: October 6, 2020

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

Presented by:

DEBORAH CONNOR
Chief, MLARS

NICOLA T. HANNA
United States Attorney

/s/*Jonathan Galatzan*
JONATHAN GALATZAN
Assistant United States Attorney
WOO S. LEE
Deputy Chief, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA